Geoffrey W. Castello
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054
(973) 503-5900
Attorneys for Defendant
Nestlé Healthcare Nutrition, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KURT SCHEUERMAN, individually and on behalf of all other similarly situated, <br><br>      Plaintiff, <br><br>     v. <br><br> NESTLE HEALTHCARE NUTRITION, INC., <br><br>      Defendant. | Civil Action No.: 10-CV-03684-FSH-PS <br><br><br> **ANSWER TO AMENDED CLASS ACTION COMPLAINT** |
| MARIA JOHNSON, an individual, on behalf of herself and all others similarly situated, and ROES 1 through 100, inclusive <br><br>      Plaintiffs, <br><br> v. <br><br> NESTLÉ HEALTHCARE NUTRITION, INC., <br>      Defendant. | Civil Action No.: 10-CV-5628-FSH-PS |

Defendant Nestlé Healthcare Nutrition, Inc. ("Defendant"), by and through its

attorneys Kelley Drye & Warren LLP, as and for its answers and affirmative defenses to the

Amended Class Action Complaint filed on September 23, 2011 (*Scheuerman* Dkt. No. 118/ *Johnson* Dkt. No. 74) (the "Complaint") by plaintiff Kurt Scheuerman ("Scheuerman") and plaintiff Maria Johnson ("Johnson") (collectively, "Plaintiffs") alleges as follows:

## I.

## INFORMATION PURSUANT TO LOCAL CIVL RULE 10.1

1.      As and for its response to paragraph 1 of the Complaint, Defendant states that:

      a.      it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1(a) of the Complaint;

      b.      it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1(a) of the Complaint; and

      c.      admitted.

## II.

## INTRODUCTION

2.      Denies the allegations contained in paragraph 2 of the Complaint.

3.      Denies the allegations contained in paragraph 3 of the Complaint.

4.      Denies the allegations contained in paragraph 4 of the Complaint.

5.      Denies that Plaintiffs are entitled to any relief as alleged in paragraph 5 of the Complaint.

## III.

## PARTIES

6.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint as it specifically relates to Plaintiff

Johnson, and specifically denies the allegations contained in paragraph 6 of the Complaint as it relates to any alleged representations made by Defendant.

7.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint as it specifically relates to Plaintiff Scheuerman, but specifically denies the allegations contained in paragraph 7 of the Complaint as it relates to any alleged representations made by Defendant.

8.      Defendant admits only that its principal place of business is 12 Vreeland Road, Florham Park, New Jersey, and denies all other allegations contained in paragraph 8 of the Complaint.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

10.      Denies the allegations contained in paragraph 10 of the Complaint to the extent that Plaintiffs allege that Defendant engaged in any "wrongful conduct" or that Plaintiffs were injured or damaged in any way as the result of any conduct by Defendant, and lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 10 of the Complaint.

11.      Denies the allegations contained in paragraph 11 of the Complaint.

## IV.

## JURISDICTION AND VENUE

12.      Paragraph 12 of the Complaint consists of a legal conclusion to which no responsive pleading is required.

13.      Denies the allegations contained in paragraph 13 of the Complaint.

14.      Paragraph 14 of the Complaint consists of a legal conclusion to which no responsive pleading is required.

15.     Paragraph 15 of the Complaint consists of a legal conclusion to which no responsive pleading is required.

## V.

## FACTUAL ALLEGATIONS

16.     Defendant repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 15 of the Complaint as though set forth again in full.

17.     The definition of "Probiotics" alleged in paragraph 17 of the Complaint is a partial and incomplete definition of that term, and denies the remaining allegations contained paragraph 17 of the Complaint.

18.     Denies the allegations in paragraph 18 of the Complaint to the extent that they characterize the terms of a document not attached to the Complaint and respectfully refers the Court to the exact terms of that document, and denies the remaining allegations contained paragraph 18 of the Complaint.

19.     To the extent that the allegations contained in paragraph 19 of the Complaint merely attempt to draw a conclusion based on a scientific dispute, such allegations are improper in a complaint and, therefore, are denied.

20.     Denies the allegations contained in paragraph 20 of the Complaint.

21.     Denies the allegations contained in paragraph 21 of the Complaint.

22.     To the extent that Plaintiffs take out of context and conflate Defendant's marketing and advertising materials regarding the product at issue, the allegations contained in paragraph 22 of the Complaint are denied.

4

23.     To the extent that Plaintiffs take out of context and conflate Defendant's marketing materials and advertising materials regarding the product at issue, the allegations contained in paragraph 23 of the Complaint are denied.

24.     Denies the allegations contained in paragraph 24 of the Complaint.

25.     Denies the allegations contained in paragraph 25 of the Complaint.

26.     Denies the allegations contained in paragraph 26 of the Complaint.

27.     Denies the allegations contained in paragraph 27 of the Complaint.

28.     Denies the allegations in paragraph 28 of the Complaint to the extent that they characterize the terms of a document and respectfully refers the Court to the exact terms of that document.

29.     Denies the allegations in paragraph 29 of the Complaint to the extent that they characterize the terms of a document and respectfully refers the Court to the exact terms of that document.

30.     Denies the allegations contained in paragraph 30 of the Complaint.

31.     Denies the allegations in paragraph 31 of the Complaint to the extent that they characterize the terms of a document and respectfully refers the Court to the exact terms of that document.

32.     Denies the allegations in paragraph 32 of the Complaint to the extent that they characterize the terms of a document and respectfully refers the Court to the exact terms of that document.

33.     Denies the allegations contained in paragraph 33 of the Complaint.

34.    Denies the allegations in paragraph 34 of the Complaint to the extent that they characterize the terms of a document and respectfully refers the Court to the exact terms of that document.

35.    Denies the allegations in paragraph 35 of the Complaint to the extent that they characterize the terms of a document and respectfully refers the Court to the exact terms of that document.

36.    Admits only that Defendant settled a dispute with the Federal Trade Commission regarding the product at issue in this action and denies the remaining allegations contained in paragraph 36 of the Complaint.

37.    Denies the allegations contained in paragraph 37 of the Complaint.

38.    Admits only that the Federal Trade Commission made several allegations in its dispute with Defendant all of which Defendant denied at the time and continues to deny, and denies the remaining allegations contained in paragraph 38 of the Complaint.

39.    Admits only that Defendant entered into a consent order with Federal Trade Commission as alleged in paragraph 39 of the Complaint.

40.    The consent order entered into between Defendant and the Federal Trade Commission as alleged in paragraph 40 (a-d) of the Complaint speaks for itself and the Court is respectfully referred to that document for an accurate recitation of the terms contained therein. To the extent that plaintiffs attempt to draw any improper conclusions based on the allegations contained in paragraph 40 (a-d) of the Complaint, those allegations are denied.

## VI.

## <u>CLASS ALLEGATIONS</u>

41.     Defendant repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 40 of the Complaint as though set forth again in full.

42.     Denies the allegations contained in paragraph 42 of the Complaint.

43.     Denies that Plaintiffs are adequate representatives of any class and denies that this action is suitable for class treatment as alleged in paragraph 43 of the Complaint.

44.     Denies the allegations contained in paragraph 44 of the Complaint.

45.     Denies the allegations contained in paragraph 45 of the Complaint.

46.     Denies the allegations contained in paragraph 46 of the Complaint.

47.     Denies the allegations contained in paragraph 47 of the Complaint.

48.     Denies the allegations contained in paragraph 48 of the Complaint.

49.     Denies the allegations contained in paragraph 49 of the Complaint.

50.     Denies the allegations contained in paragraph 50 (A-O) of the Complaint.

51.     Denies the allegations contained in paragraph 51 of the Complaint.

52.     Denies the allegations contained in paragraph 52 of the Complaint.

53.     Denies the allegations contained in paragraph 53 of the Complaint.

54.     Denies the allegations contained in paragraph 54 of the Complaint.

## VII.

## FIRST CLAIM

**(Violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq. ("CFA"))
(Against All Defendants By Plaintiff Kurt Scheuerman, individually and on behalf of
similarly-situated individuals, including the Nationwide Class and the New Jersey
Subclass)**

55.    Defendant repeats and incorporates by reference its responses to the
allegations contained in paragraphs 1 through 54 of the Complaint as though set forth again in
full.

56.    Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No.
233/174) this claim has been dismissed and therefore no response is required as to the allegations
contained in paragraph 56 of the Complaint.

57.    Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No.
233/174) this claim has been dismissed and therefore no response is required as to the allegations
contained in paragraph 57 of the Complaint.

58.    Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No.
233/174) this claim has been dismissed and therefore no response is required as to the allegations
contained in paragraph 58 of the Complaint.

59.    Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No.
233/174) this claim has been dismissed and therefore no response is required as to the allegations
contained in paragraph 59 of the Complaint.

60.    Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No.
233/174) this claim has been dismissed and therefore no response is required as to the allegations
contained in paragraph 60 of the Complaint.

61.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 61of the Complaint.

62.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 62 of the Complaint.

63.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 63 of the Complaint.

64.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 64 of the Complaint.

65.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 65 of the Complaint.

66.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 66 of the Complaint.

67.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 67 of the Complaint.

# VIII.

## SECOND CLAIM

### (Negligent Misrepresentation)
### (Against All Defendants)

68.     Defendant repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 67 of the Complaint as though set forth again in full.

69.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 69 of the Complaint.

70.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 70 of the Complaint.

71.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 71 of the Complaint.

72.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required to the allegations contained in paragraph 72 of the Complaint.

73.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 73 of the Complaint.

74.   Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 74 of the Complaint.

75.   Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 75 of the Complaint.

## IX.

### THIRD CLAIM

**(Breach of Warranty)**
**(Against All Defendants)**

76.   Defendant repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 75 of the Complaint as though set forth again in full.

77.   Denies the allegations contained in paragraph 77 of the Complaint.

78.   Denies the allegations contained in paragraph 78 of the Complaint.

79.   Denies the allegations contained in paragraph 79 of the Complaint.

80.   Denies the allegations contained in paragraph 80 of the Complaint.

## IX. [SIC]

### FOURTH CLAIM

**(Violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**
**(Against All Defendants by Maria Johnson, individually, and on behalf of similarly-situated individuals, including the Nationwide Class and California Subclass)**

81.   Defendant repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 80 of the Complaint as though set forth again in full.

82.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 82 of the Complaint.

83.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 83 of the Complaint.

84.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 84 of the Complaint.

85.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 85 of the Complaint.

86.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 86 of the Complaint.

87.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 87 of the Complaint.

88.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 88 of the Complaint

89.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 89 of the Complaint.

90.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 90 of the Complaint.

91.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 91 of the Complaint.

## IX. [SIC]

## FIFTH CLAIM

**(Violation of Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**
**(Against All Defendants by Maria Johnson, individually, and on behalf of similarly-situated individuals, including the Nationwide Class and California Subclass)**

92.     Defendant repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 91 of the Complaint as though set forth again in full.

93.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 93 of the Complaint.

94.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 94 of the Complaint.

95.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 95 of the Complaint.

96.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 96 of the Complaint.

97.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 97 of the Complaint.

98.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 98 of the Complaint.

99.     Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 99 of the Complaint

100.    Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 100 of the Complaint.

## IX. [SIC]

## <u>SIXTH CLAIM</u>

**(Violation of Consumer Legal Remedies Act ("CLRA") §§ 1750 *et seq.*)**
**(Against All Defendants by Maria Johnson, individually, and on behalf of similarly-**
**situated individuals, including the Nationwide Class and California Subclass)**

101.   Defendant repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 100 of the Complaint as though set forth again in full.

102.   Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 102 of the Complaint.

103.   Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 103 of the Complaint.

104.   Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 104 of the Complaint.

105.   Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 105 of the Complaint.

106.   Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 106 of the Complaint.

107.   Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 107 of the Complaint.

108.   Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 108 of the Complaint.

109.   Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 109 of the Complaint.

110.   Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 110 of the Complaint.

111.   Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 111 of the Complaint

112.   Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 112 of the Complaint.

113.   Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 113 of the Complaint.

## IX. [SIC]

### SEVENTH CLAIM

**(Violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law (the UTCPL), 73 Pa. Stat. Ann. § 201-1 *et seq*.)**
**(Against All Defendants by Kurt Scheuerman, individually, and on behalf of similarly-situated individuals, including the Nationwide Class and Pennsylvania Subclass)**

114.    Defendant repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 113 of the Complaint as though set forth again in full.

115.    Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 115 of the Complaint.

116.    Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 116 of the Complaint.

117.    Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 117 of the Complaint.

118.    Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 118 of the Complaint.

119.    Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 119 of the Complaint.

120.    Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 120 of the Complaint.

121.    Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 121 of the Complaint.

122.    Pursuant to the Court's Opinion (Dkt. No. 232/173) and Order (Dkt. No. 233/174) this claim has been dismissed and therefore no response is required as to the allegations contained in paragraph 122 of the Complaint.

## XI. [SIC]

## PRAYER FOR RELIEF

123.    Defendant repeats and incorporates by reference its responses to the allegations contained in paragraphs 1 through 122 of the Complaint as though set forth again in full.

1.    Denies that Plaintiffs are entitled to an Order certifying any class;

2.    Denies that Plaintiffs are entitled to any damages;

3.    Denies that Plaintiffs are entitled to disgorgement and/or restitution, or interest thereon;

4.    Denies that Plaintiffs are entitled to any declaratory relief;

5.    Denies that Plaintiffs are entitled to any declaratory relief;

6.    Denies that Plaintiffs are entitled to any declaratory relief;

7.    Denies that Plaintiffs are entitled to any declaratory relief;

8.    Denies that Plaintiffs are entitled to any declaratory relief;

9.     Denies that Plaintiffs are entitled to any temporary restraining order, and/or preliminary or permanent injunctive relief;

10.     Denies that Plaintiffs are entitled to any interest;

11.     Denies that Plaintiffs are entitled to treble damages;

12.     Denies that Plaintiffs are entitled to costs of suit;

13.     Denies that Plaintiffs are entitled to attorneys' fees and/or litigation expenses; and

14.     Denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted against Defendant.

### Second Affirmative Defense

Plaintiffs' claims for relief are barred by the unclean hands, doctrine of waiver, estoppel and/or release.

### Third Affirmative Defense

Plaintiffs' claims for relief are barred by the doctrine of election of remedies.

### Fourth Affirmative Defense

Plaintiffs' claims for relief are barred by the failure to mitigate damages.

### Fifth Affirmative Defense

Plaintiffs' claims for relief are barred because Plaintiff and each alleged class member lack standing to assert any claims against Defendant.

**Sixth Affirmative Defense**

Plaintiffs' claims for relief are barred because Plaintiffs and each alleged class member ratified, consented to, and approved the conduct of which Plaintiffs now complains.

**Seventh Affirmative Defense**

Plaintiffs' claims are barred by the applicable Statutes of Limitations.

**Eighth Affirmative Defense**

Plaintiffs' claims are barred by the doctrine of settlement and release.

**Ninth Affirmative Defense**

Plaintiffs and each alleged class member have received and accepted full satisfaction of their claims, if any.

**Tenth Affirmative Defense**

Plaintiffs and each alleged class member's actions constitute a full release of any and all claims by which Plaintiffs and each alleged class member may have, or have had, against Defendant.

**Eleventh Affirmative Defense**

Plaintiffs' and the putative class members' purported claims are barred for failure to establish the necessary criteria for class certification in accordance with Rule 23 of the Federal Rules of Civil Procedure.

**Twelfth Affirmative Defense**

Plaintiffs' claims are barred because if Plaintiffs were damaged, which Defendant specifically denies, any alleged damages were caused by the actions or omissions of third parties over whom Defendant had no control and for whose conduct Defendant is not responsible.

## Thirteenth Affirmative Defense

Plaintiffs and each alleged class member's purported claims for injunctive relief are barred because Plaintiffs and each alleged class member cannot show that they have suffered or will suffer any irreparable harm from Defendant's actions.

## Fourteenth Affirmative Defense

Plaintiffs and each putative class member's claims for equitable relief, including claims for disgorgement, restitution and/or an injunction, are barred because they have an adequate remedy at law.

## Fifteenth Affirmative Defense

This Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims for relief.

## Sixteenth Affirmative Defense

The alleged damage or injury suffered by Plaintiffs and each alleged class member, if any, would be adequately compensated by damages.

## Seventeenth Affirmative Defense

Plaintiffs claims are barred by the doctrines of accord and satisfaction, offset and voluntary payment.

## Eighteenth Affirmative Defense

Plaintiffs and/or those persons they purport to represent received and, in the future, will receive all or substantially all of the benefits from the product identified in the Complaint that Plaintiffs and/or those persons they purport to represent hoped and intended that they would receive. To that extent, any damages that Plaintiffs and/or those persons that Plaintiffs purport to represent might be entitled to recover from Defendant must be correspondingly reduced.

### Nineteenth Affirmative Defense

Plaintiffs breach of express warranty claims are barred because Defendant made no warranty regarding the product at issue.

### Twentieth Affirmative Defense

Plaintiffs breach of express warranty claims are barred because Plaintiffs and each alleged class member failed to identify the warranty under which they are claiming.

### Twenty-First Affirmative Defense

Plaintiffs breach of express warranty claims are barred because no warranty formed the basis of any bargain between Plaintiffs and each alleged class member and Defendant.

### Twenty-Second Affirmative Defense

Plaintiffs breach of express warranty claims are barred because the product at issue conformed to all affirmations of fact and/or promises made by Defendant about the product at issue.

### Twenty-Third Affirmative Defense

Plaintiffs breach of express warranty claims are barred because plaintiffs and each alleged class member failed to provide Defendant with the required notice.

### Twenty-Fourth Affirmative Defense

The advertising, marketing, labeling, and packaging of the product identified in the Complaint had a reasonable basis.

### Twenty-Fifth Affirmative Defense

Defendant expressly reserves the right to raise additional affirmative or other defenses as may be established by discovery and the evidence in this case.

WHEREFORE, Defendant requests that this Court enter a judgment as follows:

1.      dismissing the Complaint in its entirety with prejudice;

2.      awarding Defendant its costs of suit including reasonable attorneys fees; and

3.      for such other and further relief as the Court seems just and proper.


Dated:  August 10, 2012                          KELLEY DRYE & WARREN LLP


                                        By:   /s/ Geoffrey W. Castello
                                              Geoffrey W. Castello
                                              200 Kimball Drive
                                              Parsippany, New Jersey 07054
                                              (973) 503-5900

                                              Daniel S. Blynn (*pro hac vice*)
                                              KELLEY DRYE & WARREN LLP
                                              3050 K Street, NW
                                              Suite 400
                                              Washington, DC 20007
                                              (202) 342-8400

                                              *Attorneys for Defendant*
                                              *Nestlé Healthcare Nutrition, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true copy of the within Answer To Amended

Class Action Complaint dated August 10, 2012 was served today via ECF on the following:

| | |
|---|---|
| Laurence M. Rosen, Esq.<br>Philip Kim, Esq.<br>THE ROSEN LAW FIRM, P.A.<br>236 Tillou Road<br>South Orange, New Jersey 07079 | David B. Wolfe, Esq.<br>Evan A. Showell, Esq.<br>Barbara S. Schweiger, Esq.<br>SKOLOFF & WOLFE, P.C.<br>293 Eisenhower Parkway<br>Livingston, New Jersey  07039 |
| Matthew Butler, Esq.<br>NICHOLAS & BUTLER LLP<br>225 Broadway, 19th Floor<br>San Diego, California  92101 | |

Dated:  August 10, 2012

/s/ Geoffrey W. Castello
Geoffrey W. Castello